UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA FRISKE and JONATHAN
GHAZAL,

          Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC.,
 et al.,

          Defendants.

_____/

Case No. 2:25-cv-13941

Honorable Susan K. DeClercq
United States District Judge

## ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND PURSUANT TO 28 U.S.C. § 1406

In December 2025, Plaintiffs Melissa Friske and Jonathan Ghazal filed a negligence and premises liability complaint against Defendants Marriott International, Inc. ("Marriott"), and a John Doe employee for alleged injuries sustained at a Marriott-affiliated resort in Puerto Rico. ECF No. 1. Plaintiffs brought their action under diversity jurisdiction. *Id.* at PageID.3 ("Jurisdiction is based on 28 U.S.C. § 1332.").

In April 2026, Plaintiffs amended their complaint and added Defendant Sheraton Puerto Rico Management, LLC ("Sheraton"). ECF No. 8. Marriott and Sheraton are incorporated in Delaware, and Marriott's principal place of business

is Maryland, while Sheraton is headquartered in Maryland. ECF No. 8 at PageID.31–32.

On June 26, 2026, the Parties filed a stipulation to transfer the case to the United States District Court for the District of Maryland, having conferred and jointly determined that a transfer under 28 U.S.C. § 1404(a) is in the interest of justice and serves the convenience of all parties and witnesses. Specifically, Plaintiffs stated that transferring the case "is in their best interests because it will promote the efficient resolution of this action on the merits while avoiding further litigation regarding jurisdiction and venue." And corporate Defendants stated the District of Maryland is the forum with personal jurisdiction over and the most substantial connection to them in this action, especially given that they both conduct their principal business operations in Bethesda, Maryland. *See* 28 U.S.C. §§ 1391(b)(1) and (c)(2).

Under § 1404(a), a district court has discretion to "transfer a civil action to any other district or division where it might have been brought" when it is in the interest of justice and "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a). But this section applies in "cases brought in a court where venue is proper." *K-Text, LLC v. Cintas Corp.*, 693 F. App'x 406, 409 (6th Cir. 2017) (citation omitted). Under § 1406, a district court must dismiss or transfer a case brought in an improper venue. 28 U.S.C. § 1406(a) ("The district court of a district

- 2 -

in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). "The distinction between the two is important because if a case is transferred via § 1404(a), the law of the transferor court applies. . . . If it is transferred via § 1406, however, the law of the transferee court applies." *K-Text, LLC*, 693 F. App'x at 409 (citations omitted).

Here, the requirements for diversity jurisdiction were satisfied because the Parties are diverse and the amount in controversy exceeds $75,000. *See* ECF No. 8 at PageID.31–32; *see also* 28 U.S.C. § 1332. However, Plaintiffs have not shown that the Eastern District of Michigan is a proper venue for this action. Indeed, they did not address venue in their initial or amended complaint, asserting only that "[t]he substantive law applicable to this diversity case is Michigan law." ECF No. 1 at PageID.3. But under § 1391(b), venue is proper where "any defendant resides, if all defendants are residents of the State in which the district is located;" where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated; or" where there is no district in which the action could otherwise be brought and any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b). Given that Defendants reside in Maryland and the events giving rise to the case

- 3 -

occurred in Puerto Rico, the Eastern District of Michigan does not appear to be the proper venue for this action. *See* 28 U.S.C. §1391(b).

Because this district is not the proper venue, this Court must dismiss or transfer the case to where the action could have been brought. *See* 28 U.S.C. § 1406(a). Because Defendants are all residents of Maryland, this case could have been brought in the District of Maryland. *See* 28 U.S.C. § 1391(b)(1), (c)(2). And upon consideration of the Parties' stipulation, this Court finds that it is in the interest of justice for all Parties to transfer the case to the District of Maryland. *See Aguilar v. Dunbar*, 809 F. Supp. 3d 718, 731 (E.D. Mich. 2025) (finding that transfer was in the interest of justice out of fairness to the parties and judicial economy); *cf. Twin Flames Universe.com, Inc. v. Cole*, 528 F. Supp. 3d 708, 718 (E.D. Mich. 2021) (finding that the interests of justice did not support a transfer because of the plaintiffs' "bad faith bringing this action in an improper forum in order to increase the litigation costs for" the defendant). Therefore, this Court will transfer the case under § 1406.

Accordingly, it is **ORDERED** that that the above-captioned action is **TRANSFERRED in its entirety to the United States District Court for the District of Maryland**.

- 4 -

- 5 -

It is further **ORDERED** that the Clerk of the Court for the Eastern District of Michigan shall **TRANSMIT** the complete case file to the Clerk of the United States District Court for the District of Maryland.

It is further **ORDERED** that all pending deadlines in this Court are **VACATED** upon entry of this Order.

**This is a final order and closes the above-captioned case in the Eastern District of Michigan.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: June 30, 2026

Stipulated and agreed to by:

/s/ *A. Vince Colella*
A. VINCE COLELLA (P49747)
Attorney for Plaintiffs

/s/ *Henry B. Cooney*
HENRY B. COONEY (P32199)
Attorney for Defendants Marriott and Sheraton

- 5 -